Bajourin vs. Ramelli.

No. 8872.

### John A. Bajourin vs. D. S. Ramelli.

The decree of a court accepting a surrender and ordering a meeting of creditors, cannot be attacked collaterally by the party who provoked it, in the absence of nullities apparent on the face of the proceedings.

The appointment of a syndic, who has qualified, is subject to the same rule.

Proceeds in the hands of a sheriff, resulting from the sale of property of the insolvent, form part of his assets, and must be turned over to the syndic of his creditors for distribution among them *in concursu.*

A judgment directing the delivery of such proceeds for such distribution does not strip the the suing creditor of his rights, if any, thereto, which he will be at liberty to assert when an account shall be presented for a repartition of funds.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*B. R. Forman* for Plaintiff and Appellant.

*A. Goldthwaite* and *Chas. S. Rice* for Defendant and Appellee.

The opinion of the Court was delivered by

Bermudez, C. J. This is an appeal by the plaintiff from a decree directing the sheriff to pay over to the syndic of defendant's creditors, the amount realized under the judgment in the case, and which is ordered to be distributed in due course of administration.

The proceeding was by rule of the syndic on the plaintiff and the sheriff, to show cause why the proceeds should not be paid over to him.

The answer contains, first, a general denial, next, a special denial of the capacity of plaintiff in rule, of the cession in insolvency, and last, an averment that the money in the sheriff's hands was paid by the defendant.

The records hows that Ramelli applied for a respite; that on his fail-

ing to give bond and security, as demanded by the plaintiff, who had opposed the granting of the respite, he himself procured an order accepting his surrender and convoking his creditors; that Hart was appointed syndic and qualified as such.

That order and that appointment have never been revoked. To all intents and purposes, so far they remain in full force and effect. They cannot be attacked collaterally, as they are not nullities on the face of the proceedings.

Under the circumstances, the syndic had a right to demand payment to him of the proceeds of a sale made of property of the insolvent, and which had not yet been delivered to the suing creditor. 14 An. 438.

The judgment appealed from does not purport to strip the plaintiff of his rights, if any, which he may have to those proceeds in whole or in part. They are reserved to him. He will be at liberty to assert them when an account shall be presented by the syndic.

We do not feel what force exists in the last ground of resistance in the answer. If the money in the hands of the sheriff was paid by the defendant in writ, it forms as much part of his assets as if it had been deposited in bank, and the property apparently sold, if within reach, might increase those assets.

We find no error in the judgment appealed from, and it is affirmed with costs.                                                                .   :